Cite as 2020 Ark. App. 197

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CV-19-718

| | | |
|---|---|---|
| SUNNI FRISBY | | Opinion Delivered: March 18, 2020 |
| | APPELLANT | |
| V. | | APPEAL FROM THE WASHINGTON COUNTY CIRCUIT COURT [NO. 72JV-18-908] |
| ARKANSAS DEPARTMENT OF HUMAN SERVICES AND MINOR CHILD | | HONORABLE STACEY ZIMMERMAN, JUDGE |
| | APPELLEES | |
| | | AFFIRMED; MOTION GRANTED |

**KENNETH S. HIXSON, Judge**

Appellant Sunni Frisby appeals from the termination of her parental rights to her daughter, K.F., who was born on October 31, 2018.[1]  Pursuant to *Linker-Flores v. Arkansas Department of Human Services*, 359 Ark. 131, 194 S.W.3d 739 (2004), and Arkansas Supreme Court Rule 6-9(i), Sunni's counsel has filed a no-merit brief and motion to withdraw, asserting that there are no issues of arguable merit to support an appeal and that she should be relieved as counsel.  A copy of Sunni's counsel's brief and motion was mailed to her at her last known address, along with information about her right to file pro se points, but the package was returned as undeliverable.  Thus, Sunni has not filed any pro se points.  We affirm and grant appellant's counsel's motion to be relieved.

---

[1]The parental rights of the child's father were also terminated, but he did not appeal.

We review termination-of-parental-rights cases de novo. *Dinkins v. Ark. Dep't of Human Servs.*, 344 Ark. 207, 40 S.W.3d 286 (2001). At least one statutory ground must exist, in addition to a finding that it is in the child's best interest to terminate parental rights; these must be proved by clear and convincing evidence. Ark. Code Ann. § 9-27-341(b)(3) (Supp. 2019); *Mitchell v. Ark. Dep't of Human Servs.*, 2013 Ark. App. 715, 430 S.W.3d 851. Clear and convincing evidence is that degree of proof that will produce in the fact-finder a firm conviction as to the allegation sought to be established. *Gray v. Ark. Dep't of Human Servs.*, 2013 Ark. App. 24. The appellate inquiry is whether the trial court's finding that the disputed fact was proved by clear and convincing evidence is clearly erroneous. *J.T. v. Ark. Dep't of Human Servs.*, 329 Ark. 243, 947 S.W.2d 761 (1997). A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been made. *Yarborough v. Ark. Dep't of Human Servs.*, 96 Ark. App. 247, 240 S.W.3d 626 (2006).

When K.F. was born on October 31, 2018, Sunni tested positive for methamphetamine, amphetamine, and THC. Appellee Arkansas Department of Human Services (DHS) exercised an emergency hold on the child the next day. On November 5, 2018, DHS filed a petition for emergency custody. In an affidavit attached to the emergency petition, it was noted that during a portion of Sunni's pregnancy she was incarcerated on drug charges and that she was currently on probation. On November 6, 2018, the trial court entered an ex parte order for emergency custody.

2

Sunni did not attend the probable-cause hearing, and a probable-cause order was entered on November 14, 2018. In that order, the trial court granted Sunni visitation with K.F. twice a week. Sunni was ordered to refrain from using illegal drugs, submit to weekly drug screens, and obtain and maintain stable housing and employment.

Sunni did not attend the adjudication hearing, and an adjudication order was entered on January 3, 2019. The trial court adjudicated K.F. dependent-neglected as a result of her prenatal exposure to controlled substances. In the adjudication order, Sunni was given additional orders to participate in counseling, submit to a drug-and-alcohol assessment, and complete parenting classes. The goal of the case was reunification.

On January 11, 2019, DHS filed a motion to terminate reunification services. In that motion, DHS alleged that Sunni had subjected K.F. to aggravated circumstances in that there was little likelihood that services to the family would result in successful reunification. DHS noted that Sunni had an extensive history with DHS and that her parental rights had previously been terminated with respect to two of K.F.'s older siblings.

Two hearings were held on February 21, 2019, and Sunni attended neither. The first was a no-reunification hearing, and the second was a permanency-planning hearing. On February 22, 2019, the trial court entered an order for no reunification services, finding that Sunni had subjected K.F. to extreme or repeated cruelty by subjecting her to methamphetamine; that Sunni had not participated in the case plan; and that there was little likelihood that services to the family would result in successful reunification. Also on February 22, 2019, the trial court entered a permanency-planning order finding that Sunni

3

had made no progress, and changing the goal of the case to termination of parental rights and adoption.

On April 28, 2019, DHS filed a petition to terminate Sunni's parental rights. The termination hearing was held on June 6, 2019. Sunni attended the termination hearing.

At the termination hearing, DHS introduced an order entered in 2014 that terminated Sunni's parental rights to her two older children. In the 2014 termination order, it was noted that Sunni was using methamphetamine, had failed to attend drug treatment, and had recently been sentenced to two years' imprisonment on drug charges.

Eugenia Marks, the family-service worker assigned to this case, testified that Sunni had not maintained contact with DHS; had not submitted to weekly drug screens; had not participated in counseling or attended parenting classes; had not maintained stable housing or employment; and had not visited the child. Ms. Marks noted that although Sunni was currently in jail, during those times that Sunni was not incarcerated she made no showing that she wanted to be involved in the case plan. Ms. Marks stated that K.F. is a very happy, well-adjusted baby in her foster placement and that K.F. is adoptable.[2] Ms. Marks stated that K.F. needs permanency, and she recommended termination of Sunni's parental rights.

Sunni testified on her own behalf. Sunni stated that she is in jail and would be homeless upon her release. Sunni also stated that she is unemployed. Sunni was in jail for

---

[2]K.F.'s foster parent testified later in the hearing that K.F. is "thriving in every possible way" and that he and his wife want to adopt her.

4

shoplifting and a drug-paraphernalia charge, but indicated that she had a court date coming up soon and hoped to be released into a drug-rehabilitation program. Sunni thought she could be reunited with K.F. "as soon as I get my stuff together." Sunni stated that she was asking for an "SWS program" and drug court. Sunni acknowledged that she had not seen K.F. since the day after K.F. was born and that she had failed to attend any of the prior hearings in the case. Sunni agreed that she had done nothing up to the point of the termination hearing that would justify returning K.F. to her custody.

On July 2, 2019, the trial court entered an order terminating Sunni's parental rights to K.F. The trial court found by clear and convincing evidence that termination of parental rights was in the child's best interest, and the court specifically considered the likelihood of adoption, as well as the potential harm of returning the child to Sunni's custody as required by Arkansas Code Annotated section 9-27-341(b)(3)(A). The trial court also found clear and convincing evidence of statutory grounds. Under Ark. Code Ann. § 9-27-341(b)(3)(B)(ix)*(a)(4)*, the trial court found that Sunni had her parental rights involuntarily terminated as to another child. In addition, under Ark. Code Ann. § 9-27-341(b)(3)(B)(ix)*(a)(3)*, the trial court found that Sunni has subjected K.F. to aggravated circumstances because Sunni has subjected K.F. to extreme or repeated cruelty, and because there was little likelihood that services to the family would result in successful reunification.

In her no-merit brief, Sunni's counsel correctly states that there could be no meritorious challenge to the sufficiency of the evidence to support termination of Sunni's

parental rights. Although the trial court found multiple statutory grounds for termination, only one ground is necessary to support the termination. *See Brown v. Ark. Dep't of Human Servs.*, 2017 Ark. App. 303, 521 S.W.3d 183. In the termination order, the trial court found that Sunni had her parental rights involuntarily terminated as to another child. Because this statutory ground was conclusively proved at the termination hearing, there can be no meritorious challenge to the statutory-ground element of the termination statute.

We also agree with Sunni's counsel's assertion that there can be no meritorious challenge to the trial court's finding that termination of parental rights was in K.F.'s best interest. Sunni had not seen K.F. since the day after K.F. was born, and Sunni failed to attend any of the hearings leading up to the termination hearing. Although Sunni did attend the termination hearing, she testified at the termination hearing that she is homeless and jobless and had not participated in the case. Sunni, who had tested positive for illegal drugs at the time of K.F.'s birth, did not submit to any of the court-ordered drug screens and was incarcerated on drug-related charges at the time of the termination hearing. Sunni did nothing to attempt reunification, and the evidence supports the trial court's findings that K.F. would be at risk of harm if returned to Sunni's custody. There was also testimony that the likelihood of adoption was high and that K.F.'s foster parents want to adopt her. Based on the evidence presented, the trial court's finding that termination of Sunni's parental rights was in K.F.'s best interest was not clearly erroneous.

Sunni's counsel notes in her brief that, other than the termination itself, there was only one other adverse ruling. During Sunni's closing argument at the termination

6

hearing, Sunni asked the trial court to give her additional time to complete the "SWS program" and show that she could remain sober. However, it was not reversible error for the trial court to deny this request. Sunni demonstrated no interest in reunification throughout the case, and she did not avail herself of any DHS services or visit her child. And as stated previously, DHS proved that termination was in the child's best interest and was supported by a statutory ground. The intent of the termination statute is to provide permanency in a child's life in all instances in which the return of a juvenile to the family home is contrary to the juvenile's health, safety, or welfare and cannot be accomplished within a reasonable period of time as viewed from the child's perspective. Ark. Code Ann. § 9-27-341(a)(3). It was not erroneous for the trial court to decline to give Sunni additional time to complete services, which had been available to her since the beginning of the case.

After examining the record and appellant's counsel's brief, we have determined that counsel has complied with our no-merit rules and that this appeal is wholly without merit. Accordingly,we affirm the order terminating appellant's parental rights and grant her counsel's motion to be relieved from representation.

Affirmed; motion granted.

ABRAMSON and VIRDEN, JJ., agree.

*Jennifer Oyler Olson*, Arkansas Commission for Parent Counsel, for appellant.

One brief only.